SPRING BROOK WATER COMPANY, Plaintiff, *v.* VILLAGE OF HUDSON FALLS, Defendant.

Third Department, June 29, 1945.

*Gibson & Middleworth*, attorneys (*Joseph F. Monaghan, James Gibson, Jr.,* and *Felix Taubenblatt* of counsel), for plaintiff.

*Edward R. Waite*, attorney for defendant.

*Philip Halpern*, Counsel to Public Service Commission (*George H. Kenny* and *Samuel R. Madison* of counsel), *amicus curiæ*.

HEFFERNAN, J. This is a submitted controversy upon agreed facts pursuant to the provisions of sections 546–548 of the Civil Practice Act. Plaintiff is a domestic corporation and defendant a municipal corporation.

On November 1, 1943, plaintiff and defendant entered into an agreement in writing by the terms of which plaintiff agreed to sell to defendant its water system in the village of Hudson Falls, N. Y., and defendant agreed to purchase the same. The contract contains a condition that it is subject to the consent, approval or authorization of any regulatory agency which may have jurisdiction in the premises.

Defendant contends that under the terms of its contract with plaintiff the consent of the Public Service Commission (henceforth called the Commission) must be obtained before the transfer can be consummated. It is plaintiff's position that such consent is unnecessary and that the Commission has no jurisdiction in the premises.

At defendant's request the parties filed a joint petition with the Commission asking its consent to the transfer. In that petition plaintiff asked the Commission to dismiss the application for want of jurisdiction. That motion was denied. Public hearings were held before the Commission and the record was closed on April 18, 1944.

On October 19, 1944, the Commission denied the joint petition but without prejudice to the submission of a further application for the sale of the water system at a price less than that stipulated in the contract between the parties.

On March 16, 1945, the parties submitted the controversy to this court. Plaintiff is asking the court to direct judgment in its favor for specific performance of the contract. Defendant is asking for a judgment of dismissal on the sole ground that plaintiff has not obtained the Commission's consent to the transfer.

After the cause was submitted to this court the Commission, on its own motion, ordered further hearings to be held. On

April 26, 1945, it rendered a decision denying its approval to the transfer on the ground that the same is not in the public interest.

The Commission is not a party to the submission. However it applied to and was granted permission by this court to file a brief and to orally argue the cause as *amicus curiæ.*

The statute under which the parties made application to the Commission for its consent to the transfer is section 89-h of the Public Service Law, the pertinent provisions of which are: " *Transfer of franchises or stocks* 1. No water-works corporation shall transfer or lease its franchise, works or system or any part of such franchise, works or system to any other person or corporation or contract for the operation of its works and system, without the written consent of the commission."

The sole controversy between the parties relates to the construction and interpretation of the quoted provisions of the statute.

Obviously the real issue before us is not between the parties to the submission but between plaintiff and the Commission.

Plaintiff insists that the word " corporation " in the statute means only a private corporation. It seeks to avoid the exercise of regulatory power by the Commission over the transfer of its property solely because the proposed purchaser is a municipal corporation. It concedes that the consent of the Commission would have to be obtained if a transfer were proposed to be made to anyone else. The Commission contends that section 89-h requires its consent upon a sale or lease to anyone.

It should be noted that the Commission has no jurisdiction over rates or service of municipally owned water works. Section 89-l of article 4-B of the Public Service Law deprives it of such jurisdiction. The only obligation resting on the municipality under that section is to file with the Commission a copy of the annual report of its division, bureau or department of water.

The Commission however does not rest its claim to regulatory power upon the acquisition of the property by defendant but upon the proposed disposition of the property by plaintiff, which is a water works corporation operating under the jurisdiction of the Commission.

Considering all the circumstances we are convinced that plaintiff may not transfer its property to defendant without the consent of the Commission. It seems to us that the term " corporation " used in the statute clearly includes a municipal corporation.

The Public Service Law contains five sections which require the consent of the Commission to a transfer or lease of franchises, works or system, or any part thereof, by designated utility companies: section 89-h (water works corporations); section 70 (gas and electric corporations); section 54 (street railroad corporations); section 63 (omnibus corporations); and section 83 (steam corporations).

Each of these sections is similarly phrased. It is apparent upon the face of their provisions that the regulatory power of the Commission in respect to transfers or leases of the works or systems of the utility companies was intended to be operative with respect to the transferor, rather than the transferee. These enactments are designed to regulate the disposition of operating properties by utility companies — not their acquisition by others.

It is unimportant to *whom* the properties are to be transferred or leased; the vital fact under the statutory provisions is that a public utility company is proposing to part, permanently or under lease, with some or all of its operating properties, and this they may not do " without the written consent of the commission " (Public Service Law, §§ 54, 63, 70, 83, 89-h).

The fundamental question in this case is whether a public utility corporation, having embarked upon a public enterprise and having dedicated its property to the public use and having assumed the obligation to serve the public, can cease rendering such service without the consent of the Public Service Commission.

The transfer sections of the Public Service Law, including section 89-h, are a part of the statutory scheme by which rate schedules are to be kept on file, under the supervision of the Public Service Commission (Public Service Law, § 89-c, subd. 10), and service continued thereunder until the consent of the Commission has been obtained to a cessation of service. From this standpoint it is immaterial whether the company sells and transfers its property to a municipality or to anyone else. The Commission is entitled to inquire into the question of whether adequate service to the public will be continued after the transfer, or whether sufficient reason exists for an abandonment of service, if service is to be abandoned.

Where an entire plant is proposed to be sold to a municipality, it may be that large numbers of consumers are located outside of the municipality, as in the case at bar. A question of public interest would clearly be presented as to such consumers. Once the transfer is made, the Commission will have no jurisdiction

over the service or the rates to be charged to nonresident consumers by the municipality.

Their interests can be protected only at the stage when a transfer to the municipality is proposed. It is clearly the duty of the Commission to inquire as to whether there will be continuance of service to nonresident consumers, of an adequate nature and at reasonable rates. In the present case there are some two hundred nonresident consumers. The village, of course, will of necessity establish rates in accordance with the price paid, and if the price is excessive the consumers will have to pay excessive rates.

In a situation like the one before us there is a broad question of public interest as to whether a proposed sale to a municipality would be beneficial or detrimental to all consumers, including residents of the municipality. If a sale is proposed at a highly excessive price, the municipality will naturally seek to earn a return thereon if the sale is consummated at such price. While it is true the Commission will have no jurisdiction over rates once the municipality takes over the property, the residents of the village are members of the public whose interests may be protected by the Commission in connection with the proposed transfer. It is the function of the Commission to protect the consuming public. All consumers possess a vital interest in a proposed sale to a municipality, for an excessive price may result in an increase of their rates, which would be beyond the power of the Commission to regulate. Furthermore the adequacy of service is a matter of public concern. The Commission manifestly should have power at the time of the sale to pass upon the question of whether adequate service at reasonable rates can be and will be maintained by the purchaser, whether it be a municipality or anyone else.

From what has been said it is our conclusion that judgment should be entered in favor of defendant and against plaintiff denying specific performance of the agreement, without costs.

All concur.

Judgment granted in favor of defendant and against plaintiff denying specific performance of the agreement, without costs. [See *post*, p. 913.]